UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>           v.                    )   Criminal No. 07-10337-RWZ<br>)<br>KRISTOPHER GRAY           )<br>A/K/A "SLAYA",              )<br>           Defendant.       ) | |

### PRELIMINARY ORDER OF FORFEITURE

ZOBEL, D.J.,

WHEREAS, on October 17, 2007, a federal grand jury sitting in the District of Massachusetts returned a one-count Indictment charging Defendant Kristopher Gray a/k/a "Slaya" (the "Defendant") with being a Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1);

WHEREAS, the Forfeiture Allegation of the Indictment sought the forfeiture, upon conviction of the offense alleged in Count One of the Indictment, of the firearm and ammunition involved in the commission of the offense, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), including without limitation the following:

> a Sig Sauer .45 caliber semi-automatic handgun bearing serial number G291636 and containing 7 rounds of .45 caliber ammunition (the "Property");

WHEREAS, the Indictment further provided that, if the Property, as a result of any act or omission of the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been

Case 1:07-cr-10337-RWZ   Document 26-2   Filed 08/12/2008   Page 2 of 4

commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated in 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the Defendant up to the value of the Property described above;

WHEREAS, on July 15, 2008, the Defendant pleaded guilty to Count One of the Indictment, thereby admitting that the Property is subject to forfeiture;

WHEREAS, as a result of the Defendant's guilty plea and admissions at the plea hearing, and pursuant to 21 U.S.C. § 853(a), as incorporated in 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States now is entitled to a Preliminary Order of Forfeiture against the Property, or substitute assets, in a value up to the value of the Property.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based upon the Defendant's guilty plea and admissions at the plea hearing, that the government has established the requisite nexus between the Property and the offense to which the Defendant pleaded guilty. Accordingly, the Property is hereby forfeited to the United States of America for disposition pursuant to 21 U.S.C. § 853, as incorporated in 28 U.S.C. § 2461(c).

Case 1:07-cr-10337-RWZ   Document 26-2   Filed 08/12/2008   Page 3 of 4

2. If the Property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of the Property, pursuant to 21 U.S.C. § 853(p), as incorporated in 28 U.S.C. § 2461(c).

3. The Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") shall seize and hold the Property in its secure custody and control.

4. Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n), as incorporated in 28 U.S.C. § 2461(c), ATF will publish at least once for three successive weeks in a newspaper of general circulation, notice of this Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Property in such manner as the Attorney General or his designee may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the Property must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state

that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Property, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited Property and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Property that is the subject of this Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

5.  Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), the United States shall also publish, for thirty (30) consecutive calendar days, notice of this Order and of the United States' intent to dispose of the Property in such manner as the Attorney General may direct on the government website www.forfeiture.gov.

6.  Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

_____
RYA W. ZOBEL
United States District Judge

Date: 8/15/08

4